UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DOUGLAS McGUFFEY,**<br>     **PLAINTIFF,**<br><br>v.<br><br>**SHERIFF SALLY HERNANDEZ,** *et al.*,<br>     **DEFENDANTS.** | § § § § § § § § § § § | **NO. A-22-CV-1036-DII** |

# ORDER

Before the Court are Plaintiff Douglas McGuffey's amended complaints and more definite statement (ECF Nos. 12-13, 18). Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants move to dismiss Plaintiff's claims and for summary judgment (ECF Nos. 28, 41). Plaintiff did not file responses thereto. After consideration of the above-referenced pleadings, the Court dismisses Plaintiff's case for failure to exhaust his administrative remedies.

## STATEMENT OF THE CASE

At the time he filed his civil-rights complaint, Plaintiff was confined in the Travis County Correctional Complex. The Court received Plaintiff's original complaint on October 13, 2022, and his amended complaints on November 22, 2022. On December 20, 2022, the Court ordered Plaintiff to file a more definite statement. The Court received Plaintiff's more definite statement on March 9, 2023. Upon review of Plaintiff's more definite statement, the Court ordered service upon the defendants.

Plaintiff sues Sheriff Sally Hernandez, Officer R. Trammel, and Officer A. Jordan. Plaintiff alleges jail staff interfered with his mail and phone calls. He also alleges Officers Jordan and Trammell sexually and physically assaulted him while in custody. Plaintiff

1

additionally alleges he was denied medical care. He claims the previous time he was in Travis County custody Officers Trammel and Jordan used excessive force.[1]

Defendant Hernandez moves to dismiss Plaintiff's amended complaints. She contends Plaintiff failed to allege she was personally involved in the alleged constitutional violations. She asserts she cannot be held liable based upon vicarious or respondeat superior liability. To the extent she is sued in her official capacity Hernandez asserts Plaintiff failed to allege conduct by any defendant that was attributed to or the result of a Travis County custom, policy, or practice.

Defendants Jordan and Trammel move to dismiss and for summary judgment. They argue Plaintiff's claims are conclusory and fail to meet the pleading threshold. They further argue Plaintiff failed to exhaust his administrative remedies before filing suit and assert their entitlement to qualified immunity. Defendant Hernandez joins in the motion regarding Plaintiff's failure to exhaust administrative remedies.

DISCUSSION AND ANALYSIS

A. <u>Summary Judgment Standard</u>

A party is entitled to summary judgment if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). A summary judgment movant must establish every essential element of their claim or affirmative defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586

---

[1] Plaintiff also claims the charges pending against him are false. However, Plaintiff filed a separate lawsuit in Cause No. 1:22-CV-1264-RP that challenged his criminal charges. The Court dismissed that lawsuit on July 26, 2023.

(1986). A dispute as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party opposing summary judgment cannot rest on the mere allegations of their pleadings, but instead must identify specific evidence in the record and articulate how that evidence supports their claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) ("This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.") (internal quotations omitted). When deciding whether to grant summary judgment, the court should view the evidence in the light most favorable to the party opposing the motion and indulge all reasonable inferences in favor of that party. *Rankin v. Klevenhagen*, 5 F.3d 103, 105 (5th Cir. 1993). However, summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

  B. <u>Exhaustion</u>

The United States Supreme Court has reiterated the necessity of prisoners exhausting prison grievance procedures before seeking judicial relief. *See generally Porter v. Nussle*, 534 U.S. 516 (2002). In reviewing this issue, the Court noted that in 1995, as part of the Prison Litigation Reform Act (PLRA), Congress revised the exhaustion provision to read "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* at 520. In reaching its decision, the

Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. The Fifth Circuit has interpreted the PLRA as requiring inmates to invoke all administrative remedies available to them before they may contest prison conditions in federal court. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001) (citing *Booth v. Churner*, 531 U.S. 956 (2001)).

The Travis County Sheriff's Office (TCSO) has a three-step grievance process. According to TCSO policy, an inmate may file a Step 1 Grievance with the Grievance Supervisor within five days of the incident, barring any exigent circumstances, based on a criminal act, violation of civil rights, or a prohibited act by facility staff. The Grievance Sergeant has fifteen days to respond. If the inmate's grievance is not resolved, the inmate has five days after receiving the Step 1 decision to file an appeal with the Grievance Board Supervisor. The Grievance Board has fifteen days to review the appeal and respond in writing. If the inmate's issue remains unresolved, the inmate has five days to appeal the decision to the Section Captain or Medical Director, if the grievance relates to medical. The Captain or Director has fifteen days from receipt to respond to the inmate's Step 3 Grievance. Finalization of all grievances occurs within sixty days of the receipt of the original written grievance submitted to the Grievance Supervisor.

The summary-judgment evidence shows Plaintiff filed six Step 1 grievances. Of the grievances filed by Plaintiff prior to October 13, 2022, the date the Court received Plaintiff's original complaint, only Grievance #205145302 relates to the allegations Plaintiff made in his complaint about Officers Jordan and Trammel. The summary-judgment evidence reflects Plaintiff did not file a Step 2 or Step 3 appeal of that grievance.

After Plaintiff filed his original complaint, Plaintiff filed a Step 1 Grievance, #209260012, complaining Officer Jordan stole his mail and sexually and verbally assaulted him. Plaintiff did not file a Step 2 or Step 3 grievance.

Plaintiff initiated this action in federal court before exhausting his administrative remedies. "[T]he PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," irrespective of whether exhaustion is achieved during the federal proceeding. *Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012). The district court cannot excuse a prisoner's failure to properly exhaust the prison grievance process before filing a complaint. *Id.* at 788.

## CONCLUSION

Plaintiff failed to exhaust his administrative remedies before he filed his federal lawsuit. Therefore, the Court need not address Defendant's additional arguments for dismissal or summary judgment.

It is therefore **ORDERED** that the "Motion to Dismiss Pursuant to FRCP 12(c) and 56(c)" (ECF No. 41), filed by Defendants Jordan and Trammel, to which Defendant Hernandez joined, is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

It is further **ORDERED** that all other pending motions are **DISMISSED**.

**SIGNED** on September 7, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE